# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| *In re* Flint Water Cases. | Judith E. Levy |
| _____/ | United States District Judge |

This Order Relates To:

Long v. Lockwood, Andrews & Newnam, P.C., *et al.*,
Case No. 17-12153

_____/

**OPINION AND ORDER DENYING AS MOOT BUSCH, COOK, AND PRYSBY'S JUNE 17, 2020 MOTION TO DISMISS [92]; DENYING AS MOOT LAN AND LAD'S JUNE 16, 2020 MOTIONS TO DISMISS [89, 90]; DENYING WITHOUT PREJUDICE BUSCH, COOK, AND PRYSBY'S JUNE 30, 2020 MOTION TO DISMISS [97]; AND GRANTING IN PART AND DENYING IN PART LAN AND LAD'S JULY 1, 2020 MOTIONS TO DISMISS [99, 100]**

This is one of the many cases that are collectively referred to as the Flint Water Cases. Plaintiffs allege that Defendants, a combination of private and public individuals and entities, set in motion a chain of events that led to bacteria and lead leaching into the City of Flint's drinking water. Plaintiffs in the various Flint Water Cases claim that Defendants subsequently concealed, ignored, or downplayed the risks that arose from their conduct, causing them serious harm. These

plaintiffs contend that the impact of what has since been called the Flint Water Crisis is still with them and continues to cause them problems.

The Plaintiffs in this case are Christina Long and Cherie Link ("Plaintiffs"). (ECF No. 95, PageID.509.) Defendants are: (1) Lockwood, Andrews & Newnam, Inc. and Lockwood, Andrews & Newnam, P.C. (together, "LAN"); (2) Leo A. Daly Company ("LAD"); (3) the City of Flint, Darnell Earley, Gerald Ambrose, Howard Croft, Michael Glasgow, and Daugherty Johnson (collectively "City Defendants"); (4) former Governor Richard D. Snyder,[1] Andy Dillon,[2] Stephen Busch, Patrick Cook, Michael Prysby, and Adam Rosenthal (collectively, the "State of Michigan Defendants"); and (5) Rowe Professional Services Company, f/k/a Rowe

---

[1] Plaintiffs do not specify whether they sue former Governor Snyder in his official or individual capacity. To the extent that Plaintiffs' claims are against Governor Snyder in his official capacity, the claims are now against Governor Gretchen Whitmer. *See* Fed. R. Civ. P. 25(d). But for consistency, the Court will refer to Governor Snyder.

[2] Neither Defendants Snyder nor Dillon responded to Plaintiffs' operative complaint. However, since all of the State of Michigan Defendants are parties to the proposed settlement, and for the reasons set forth herein, the Court need not address this matter further at this time.

Engineering, Inc.[3],[4] (ECF No. 95.) In previous Flint Water decisions, the Court has set forth descriptions of each of these Defendants and adopts those descriptions as if fully set forth here. *See, In re Flint Water Cases*, 384 F. Supp. 3d 802, 824–825 (E.D. Mich. 2019).

In August 2020, the putative class Plaintiffs and individual Plaintiffs in the Flint Water Cases reached a proposed settlement with State of Michigan Defendants for $600 million. In October 2020, the same Plaintiffs and the City Defendants agreed to a $20,000,000 proposed settlement. The same Plaintiffs and Rowe agreed to a $1.25 million proposed settlement.[5]

Because of the progress toward a partial settlement, the Court granted a stay of proceedings in the Flint Water Cases involving the

---

[3] Rowe did not respond to the operative complaint. However, Rowe is a party to the proposed settlement, and for the reasons set forth herein, the Court need not address this further at this time.

[4] In addition to the Defendants named above, Bradley Wurfel was also named in the operative complaint, but Wurfel and Plaintiffs stipulated to his dismissal on June 29, 2020. (ECF No. 96.) Plaintiffs' operative complaint also included Veolia North America, LLC, Veolia North America, Inc., and Veolia Water North America Operating Services, LLC (together "VNA") as Defendants. (ECF No. 95, PageID.507.) Plaintiffs and VNA stipulated to VNA's dismissal on June 30, 2020. (ECF No. 98.)

[5] Other Defendants to the settlement include McLaren Health Care Corporation, Regional Medical Center, and McLaren Flint Hospital, which are not Defendants in this case.

settling Defendants (*Carthan v. Snyder*, No. 16-10444, ECF Nos. 1323; 1324; 1353). The Court preliminarily approved the partial settlement on January 21, 2021. (*Id.* at ECF No. 1399.) The proposed settlement is still subject to final approval by the Court.

Plaintiffs and other qualifying individuals in the Flint Water Cases have until March 29, 2021 to decide whether to participate in the settlement. If Plaintiffs decide to participate and if the Court grants final approval of the settlement, then, in consideration for a monetary award, Plaintiffs' claims against the settling Defendants will be dismissed.

Accordingly, and pursuant to the stay, the Court denies without prejudice Defendants Busch, Cook, and Prysby's June 30, 2020 motion to dismiss.[6] (ECF No. 97.) If Plaintiffs in this case proceed with their litigation against the State of Michigan Defendants, then Busch, Cook, and Prysby may re-file their motion to dismiss pursuant to the schedule and requirements set forth in the Master Settlement Agreement ("MSA").

There are three motions that were filed before Plaintiff filed her operative complaint, which still appear as pending on the Court's docket.

---

[6] Defendant Rosenthal filed a joinder and concurrence in the relief sought by Busch, Cook, and Prysby. (ECF Nos. 101, 102.)

4

They are: (1) LAN's motion to dismiss filed on June 16, 2020 (ECF No. 89); (2) LAD's motion to dismiss filed on June 16, 2020 (ECF No. 90); and Defendants Busch, Cook, and Prysby's motion to dismiss filed on June 17, 2020 (ECF No. 92). The operative complaint was filed after these motions were pending, and each of these Defendants filed renewed motions. (*See*, ECF Nos. 97, 99, 100.) Accordingly, these three motions are denied as moot.

This leaves only LAN and LAD's motions to dismiss, which were both filed on July 1, 2020. (ECF Nos. 99, 100.) For the reasons set forth below, LAN and LAD's motions are granted in part and denied in part.

### I. Prior Precedent in the Flint Water Cases

This Court has previously adjudicated other motions to dismiss in the Flint Water Cases and will rely upon them as appropriate in this case. *See Guertin v. Michigan*, No. 16-12412, 2017 WL 2418007 (E.D. Mich. June 5, 2017); *Carthan v. Snyder*, 329 F. Supp. 3d 369 (E.D. Mich. 2018); *Carthan v. Snyder*, 384 F. Supp. 3d 802 (E.D. Mich. 2019); and *Walters v. City of Flint*, No. 17-10164, 2019 WL 3530874 (E.D. Mich. Aug. 2, 2019); *Marble v. Snyder*, 453 F. Supp. 3d 970 (E.D. Mich. 2020), *Brown v. Snyder*, No. 18-10726, 2020 WL 1503256 (E.D. Mich. Mar. 27, 2020)

and *Bacon v. Snyder*, No. 18-10348, 2020 WL 6218787 (E.D. Mich. Oct. 22, 2020).

The Flint Water Cases have also produced several Sixth Circuit opinions. These are binding on this Court and include *Carthan v. Earley*, 960 F.3d 303 (6th Cir. 2020); *Walters v. Flint*, No. 17-10164, 2019 WL 3530874 (6th Cir. August 2, 2019); *Guertin v. Michigan*, 912 F.3d 907 (6th Cir. 2019); *Boler v. Earley*, 865 F.3d 391 (6th Cir. 2017); and *Mays v. City of Flint*, 871 F.3d 437 (6th Cir. 2017).

## II. Procedural History and Background

### A. The Master Complaint

As the number of Flint Water Cases increased over the years, the Court entered case management orders to manage the litigation. For example, on January 23, 2018, it appointed and then directed Co-Liaison Counsel for the individual Plaintiffs to file a Master Complaint that would apply to all pending and future non-class action cases. (*Carthan*, No. 16-10444, ECF No. 347.) The Master Complaint was filed in *Walters*. (*Walters*, No. 17-10164, ECF No. 185-2.)

The attorneys in each of the individual cases were then ordered to file a Short Form Complaint to accompany the Master Complaint,

6

adopting only the pertinent allegations from the Master Complaint as they saw fit. The Short Form Complaints also allowed for an Addendum if any Plaintiff wished to allege a new cause of action or include additional Defendants. This would allow the Court to issue opinions consistent with *Walters* that would apply to multiple individuals, rather than to address each case in turn and cause a delay in the administration of justice.

Since the Plaintiffs in this case allege not just lead but also *legionella* exposure, the Court notes that it reached decisions in *Marble* and *Brown*, which serve as the lead *legionella* cases. Similar to *Walters*, the Court's opinions as they relate to *legionella* are consistent with *Marble* and *Brown*.

### B. Background of Plaintiff's Case Filings

Plaintiffs brought their original complaint on June 30, 2017. (ECF No. 1.) They amended their complaint three times. (ECF Nos. 35, 85, 95.) Because this Opinion and Order adjudicates only LAN and LAD's motions, the procedural history set forth here will be limited to these two Defendants.

Plaintiffs' Short Form Complaint fully adopts the relevant facts alleged in the Master Complaint from *Walters*. (ECF No. 95, PageID.505 (citing *Walters*, No. 17-10164, ECF No. 185-2).) The Master Complaint's facts, setting forth the background of the Flint Water Crisis, were summarized in this Court's opinion in *Walters* and will not be reproduced here. *Walters v. City of Flint*, No. 17-cv-10164, 2019 WL 3530874, at *4–*11 (E.D. Mich. Aug. 2, 2019). Like *Walters*, the Plaintiffs in this case allege lead poisoning. (ECF No. 95, PageID.509.) And as set forth above, they also allege injuries from exposure to *legionella*. (*Id*.)

Plaintiffs included a fact-specific portion in their operative Short Form Complaint, describing their lead and *legionella* exposure. (*Id*.) They state:

> At all times relevant, Plaintiff Christina Long was a resident of Burton, Michigan, County of Genesee, State of Michigan. Christina Long contracted Legionnaires' disease on July 17, 2014, during the time the City of Flint substituted its safe water supply with that of the highly corrosive and unsafe water from the Flint River. Christina Long consumed water provided by the City of Flint with elevated levels of lead and Legionella bacteria, which caused her to contract Legionnaires' disease. As a result of acquiring Legionnaires' disease, Christina Long became seriously ill, incurred pain and suffering, mental anguish, additional medical expenses, and loss of life's pleasures.

8

> At all times relevant, Plaintiff Cherie Link was a resident of Milford, Michigan, County of Oakland, State of Michigan. Cherie Link contracted Legionnaires' disease on or about July 2014, during the time the City of Flint substituted its safe water supply with that of the highly corrosive and unsafe water from the Flint River. Cherie Link consumed water provided by the City of Flint with elevated levels of lead and Legionella bacteria, which caused her to contract Legionnaires' disease. As a result of acquiring Legionnaires' disease, Cherie Link became seriously ill, incurred pain and suffering, mental anguish, additional medical expenses, and loss of life's pleasures.

(ECF No. 95, PageID.509.) They also attached to their Short Form Complaint an exhibit where they set forth additional details, such as their alleged exposure dates. (ECF No. 95-1, PageID.515.)

Plaintiffs bring claims against LAN and LAD for professional negligence and punitive damages. (*See,* ECF No. 95, PageID.510.)

### C. Legal Standard

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

9

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### III. Analysis

#### A. Professional Negligence and Punitive Damages

As set forth above, Plaintiffs allege professional negligence and punitive damages against Defendants LAN and LAD. (ECF No. 95, PageID.510.) Their Short Form Complaint contains no additional factual allegations against LAN or LAD. (*See,* ECF No. 95.) Accordingly, all of the facts that Plaintiffs rely on as the basis for their claims against LAD and LAD derive from the Master Complaint in *Walters*. (ECF No. 95, PageID.505 (citing *Walters*, No. 17-10164, ECF No. 185-2).) In *Marble* and *Brown*, the Court analyzed the Master Complaint's allegations as they related to those plaintiffs' *legionella*-based claims. *See, Marble*, 453

10

F. Supp. 3d at 981–983, 1003–1004; *Brown*, 2020 WL 1503256, at *4, 5– 6. And here, as in *Marble* and *Brown*, Plaintiffs' allegations of *legionella* exposure in addition to lead exposure does not change the core analysis of Plaintiffs' claims. *Id*.

As to professional negligence, neither LAN nor LAD's motions to dismiss present any arguments that differ from the arguments they presented in *Walters*, *Marble*, or *Brown*. *See*, *Walters*, No. 17-10164, ECF Nos. 144, 145 (LAD and LAN's motions to dismiss); *see also*, *Marble*, 453 F. Supp. 3d at 1003–1004; *Brown*, 2020 WL 1503256, at *5. In *Walters*, the Court denied LAN and LAD's motions to dismiss the Plaintiffs' professional negligence claims. *Walters*, 2019 WL 3530874, at *40. LAN and LAD do not present any reasons to deviate from that Opinion and Order. Accordingly, for reasons set forth in *Walters*, LAN and LAD's motions to dismiss are denied. Plaintiffs' claims for professional negligence against LAN and LAD may continue.

As to punitive damages, in *Marble* and *Brown*, the Plaintiffs brought identical claims for punitive damages against LAN and LAD. *See*, *Marble*, 453 F. Supp. 3d at 1010; *see also, Brown*, 2020 WL 1503256, at *16. In those cases, the Court dismissed the claims for punitive

11

damages because the Plaintiffs in those cases acknowledged that punitive damages are not available for negligence claims. *Id*. The result here is no different. Accordingly, Plaintiffs' punitive damages claims against LAN and LAD are dismissed.

LAD also moves for an order dismissing Plaintiff's claims for lack of personal jurisdiction, lack of subject matter jurisdiction, and for failure to state a cause of action. (ECF No. 100.) LAD acknowledges that the Court was presented with the same motion and arguments in *Carthan*, which the Court denied. *Carthan*, 384 F. Supp. 3d at 873; *see also*, *In re Flint Water Cases*, No. 16-10444, 2018 WL 1638758 (E.D. Mich. Apr. 5, 2018). LAD also moved to preserve similar arguments in *Walters* and in *Brown*. Because these arguments were made for preservation purposes, the Court did not address them in those cases, and the same result applies here. *See*, *Walters*, 2019 WL 3530874, at \*40; *Brown*, 2020 WL 15036256, at \*5, fn. 10.

## V. Conclusion

For the reasons set forth above, LAN and LAD's June 16, 2020 motions to dismiss are denied as moot (ECF Nos. 89, 90); Defendants Busch, Cook, and Prysby's June 17, 2020 motion is denied as moot (ECF

12

No. 92); Defendants Busch, Cook, and Prysby's June 30, 2020 motion is denied without prejudice (ECF No. 97); and LAN and LAD's July 1, 2020 motions to dismiss are granted in part and denied in part (ECF Nos. 99, 100).

**IT IS SO ORDERED.**

Dated: March 25, 2021           s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
                                            United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2021.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager